## SAMUEL W. COE AND ANOTHER *vs.* TIMOTHY WICKHAM.

The levy of an execution upon the real estate of a debtor, who had removed from the state before the service of the same, is invalid, though made by direction of the creditor, when it does not appear from the officer's return, either that personal estate was demanded by him, or that none such could be found, or that any search was made for such estate before the levy upon the land.

There is no presumption that the levy of an execution upon real, rather than upon personal estate, is for the benefit of the debtor.

An officer's return of the levy of an execution upon real estate should, upon its face, without the aid of extrinsic facts, not so referred to as to be made a part of the return itself, show with reasonable certainty the quantity of land set off, and the valuation which the appraisers put upon it.

Therefore where a piece of land containing a quarter of an acre was levied upon and appraised at $238, and the officer set off a part of the piece by metes and bounds, in satisfaction of the execution, which was for the sum of $150, but without anything to show the proportionate quantity taken and without any further appraisal of the part taken, it was held that the levy was invalid.

ACTION of ejectment; also a bill in equity to obtain the legal title to the same land. The two cases were heard together.

The plaintiffs claimed title by virtue of an execution in their favor, levied upon the property as the estate of Chauncey Ford, a non-resident debtor, living in the state of California. The record title at the time of the levy was in Maria L. Ford, wife of said Chauncey, to whom it had been conveyed by one James D. Ford, under circumstances which it was claimed by the plaintiffs constituted Chauncey Ford the real owner. The defendant claimed title under said Maria, by virtue of a conveyance from her, made under authority of a decree of court.

The material parts of the officer's return of the levy of the execution, so far as concerns the disposition of the present cases, were as follows:

"Litchfield county, ss. Winchester, March 14th, 1855. Then I made demand at the last usual place of abode in this state of the within named Chauncey Ford; I also made demand of Roland Hitchcock, as the attorney of said Ford, for the sum due in this execution, and for my fees on the same. The said Ford and said Hitchcock neglected to pay the same or any part thereof. I then, on said 14th day of said March, by direction of the creditors herein, levied this execution on a certain piece of land as the estate of the said Ford, situated in said Winchester, (Winsted Society,) bounded and described as follows: North on land of Rufus Holmes, east on highway, south on land of Maria Hart, and west on land of Hosea Hinsdale, containing one-fourth of an acre." Here follows a statement of the appointment and qualification of appraisers, after which the return proceeds: "And said appraisers, after viewing said land, did then and there appraise and estimate said land at the sum of two hundred and thirty-

Coe *v.* Wickham.

eight dollars and thirty-three cents as the true and just value of the same, ( $238,33. ) Of which valuation they made a certificate under their hands in writing, and delivered the same to me, which is hereunto annexed. And on the 20th day of March, 1855, I set off to Samuel W. Coe and Prosper W. Smith, the creditors in this execution, a part of the above described piece of land, in full satisfaction of this execution, and my fees and charges thereon, bounded and described as follows, to wit : East on highway, south on land of Maria Hart, west on land of Hosea Hinsdale, and north by the residue of the first described piece of land. The part hereby intended to be set off to said Coe and Smith is the southerly part of said first described piece of land, being on east line or highway fifty-two feet, two inches and one-fourth of an inch, and being the same width on the west end, on land of said Hinsdale, the north line of the piece of land hereby set off running parallel with the south line of said land." The amount of the execution was $142.53, and of the officer's fees upon it, $8.26. To the admission in evidence of the execution and return the defendant objected, on the ground of defects apparent on its face.

The plaintiff introduced, as part of the chain of title of the judgment debtor, a deed of the premises from one Hosea Hinsdale, under which said J. D. Ford derived his title, in which the land was bounded as follows : "Commencing at the south-east corner of Samuel W. Coe's land, running south in the line of highway five rods, thence west eight rods, thence north five rods, to Samuel W. Coe's south-west corner, thence east eight rods, to the place of beginning ; containing one-fourth of an acre."

Other documents and deeds were also offered in evidence by the parties, which it is unnecessary to describe in view of the opinion of this court. The questions as to the admissibility of all the documents and deeds introduced in evidence, and as to the judgment to be rendered in the cases, were reserved for the advice of this court, upon a special finding embracing the above facts.

*O. S. Seymour*, with whom was *Hitchcock*, for the plaintiffs.

1. The return is not defective because it contains no statement that personal estate could not be found. The duty of the officer to search for personal estate is a duty due to the creditor, and not to the debtor, and in this case the creditor directed the levy on land and waived his right. *Graves* v. *Merwin*, 19 Conn., 96; *Isham* v. *Downer*, 8 id., 282; *Spencer* v. *Champion*, 13 id., 11; *Allen* v. *Gleason*, 4 Day, 376. Nor because it does not show that personal property was not tendered by the debtor. Such tender, if made, is matter of defence to be set up and proved by the debtor and those claiming under him. It is sufficient if the return shows a *prima facie* title by the levy, and the officer need not anticipate objections, or negate the existence of matters of defence. See *Peck* v. *Wallace*, 9 Conn., 453.

2. The return shows the appraisal of the land set off with sufficient distinctness. The appraisal is of one-fourth of an acre, at $238,33, the tract being particularly described in the return, and also in the deed from Hinsdale, as extending five rods on the highway, and as being a parallelogram, eight rods deep. The piece of land set off by the officer is the southerly part of this parallelogram, extending fifty-two feet, two inches and one-fourth of an inch on the highway. The proportion between the extent of the part set off upon the highway, and the extent of the whole tract upon the highway, is nearly the same with that between the amount of the execution and fees, ( $150,79 ) and the value of the whole tract. The case of *Marcy* v. *Kinney*, 9 Conn., 394, is *ad idem* with this, and fully sustains the levy.

*G. C. Woodruff*, contra.

The execution was defectively levied and conveyed no title, nor was it admissible in evidence. Proceedings by execution are *in invitum* and every statute requisite must appear on the face of those proceedings to have been strictly complied with. *Metcalf* v. *Gillet*, 5 Conn., 400; *Hobart* v. *Frisbie*, id., 592; *Mitchell* v. *Kirtland*, 7 id., 229; *Fitch* v. *Smith*, 9 id., 42; *Potwine's Appeal from Probate*, 31 id., 381. But by the return in this case it does not appear that personal estate was de-

manded, or that it could not be found. See Gen. Stat., pp. 50, secs. 226, 227, p. 55, sec. 251. *Graves* v. *Merwin*, 19 Conn., 96.

Nor does it appear that the property actually set off was appraised, but only that this *with more* was appraised ; nor that, even at the appraisal, the requisite *quantity* of land was set off, that is, *so much* as was sufficient to pay the judgment and cost of levy.

HINMAN, C. J. In one of these cases the petitioners seek to obtain the legal title to a piece of land, which they claim by virtue of the levy of an execution against one Chauncey Ford, and in the other, which is an action of ejectment, they seek to recover the possession of the same land, the title to which they claim under the levy of the same execution. It is obvious, therefore, that the plaintiffs' right of recovery in both cases must rest, among other things, upon the validity of the levy of that execution, and if that was a void levy there is no necessity of examining any other question in the cases, since that alone is a perfect bar to any decree or judgment in the plaintiffs' favor.

We are satisfied that that was a void levy, and we shall therefore advise that the defendant is entitled to a decree in his favor in the suit to obtain the legal title, and to a judgment in his favor in the action at law. There are two or three insuperable objections to the validity of that levy, which we will refer to, and as they are as conclusive of the plaintiffs' rights in these cases as any number of such objections, we shall leave all other questions in the cases to be decided when they shall so arise as to make it necessary to consider them.

1. In the first place, we think the levy invalid in this instance, because it does not appear that personal estate was demanded by the officer, or that it could not be found, or that any search whatever was made for such property, before the levy of the execution on the land. The defendant in the execution, at the time the levy was made, was in the state of California. Of course no personal demand could be made upon him. And the only demand which the officer appears

to have made, was a demand at his last usual place of abode in this state, and also a demand of Mr. Hitchcock, as his attorney, of payment of the execution and of his fees on the same. But he does not state that he made any demand for the goods or chattels of the defendant, or that he made any search for such goods, on which to levy and satisfy the execution, and there is nothing in the return inconsistent with the fact that the defendant might have had at the time abundant personal property on which to levy and satisfy the execution, if the officer had been disposed to take it.

It is claimed by the plaintiffs that, as the creditors in this case directed the levy on land, the failure to search for personal property is no objection; and *Graves* v. *Merwin,* 19 Conn. R., 96, and other cases, are cited in support of the proposition. But these cases do not conflict with the provisions of the statute, which enacts that, in cases where a defendant in an execution shall have removed from the state before the service of such execution, the officer shall make demand for payment " *and for the goods and chattels of the defendant at the last usual place of abode of the defendant in this state,* if within the precincts of such officer, &c." Gen. Stat., p. 50, § 227. Besides, the provision of the general statutes in regard to the service of an execution is, that, after demand of payment made upon the debtor, the officer shall levy the same on personal estate ; and in the statute prescribing the mode of levying upon real estate, it is provided that such levy may be made, only when personal estate, sufficient to satisfy the execution and the lawful fees, cannot be found by the officer, or shall not be tendered to him by the debtor. It is true, undoubtedly, that so far as these provisions are for the benefit of the debtor he may waive them, and that is all which the cases referred to decide. Here there was no opportunity for the debtor to waive anything, as he was in California at the time ; and the naked question is presented, whether an officer, having an execution to serve on a debtor who happens for any cause to be without the limits of the state, may by direction of the creditor levy the execution upon real estate, when there is abundant personal estate with-

in sight of the officer, on which he may levy and satisfy the same. In some of the cases expressions are found from which counsel draw the inference that the levy upon real estate is for the benefit of the debtor; but while it is quite clear that it may be for his benefit in many instances, it is equally obvious that in others it would not be so ; and where it is, as we think it generally is, quite as probable that he would be prejudiced, or would consider himself prejudiced by a levy upon his real estate, rather than upon his personal estate, it is clear there can be no presumption that will sustain a levy made in contravention of the provisions of a plain statute.

2. Another fatal objection to the levy is, that it does not appear that the property actually set off by the officer was appraised; or that the requisite quantity was set off to satisfy the execution and the expenses of the levy, even if we should infer that the tract levied upon and appraised was of uniform value throughout. The officer states in his return that he levied the execution on a piece of land, the boundaries and the quantity of which he gives, but the length of the various lines surrounding it and its shape he does not state. He then states that he set off to the creditors in the execution a part of the described piece of land, in full satisfaction of the execution &c. He also describes the boundaries of the piece set off, and he tells how many feet and inches it is upon the highway, and on its opposite end or side, and he states that it is the southerly part of the tract or piece levied upon and appraised, but the length of the north and south lines of the piece are not given. As therefore we are not told the exact shape of the whole tract, it is impossible to say that the quantity set off bears the right proportion to the whole, and to the appraised value of it, to satisfy and no more than satisfy the execution, even if we could infer that there was no material difference between the proportionate extent and the proportionate value of the part set off and the whole tract levied upon.

This objection is attempted to be obviated by a reference to the deed, under which the execution debtor is said to have

held the land. But this deed is no part of the return of the officer, and is not referred to in the return; we do not think, therefore, that the return can be aided in this way. It should, upon its face, without the aid of extrinsic facts, not so referred to as to be made a part of the return itself, show with reasonable certainty the quantity of land set off, and the valuation which the appraisers put upon it. This does not appear to be the case here, and for this reason we are of opinion that the levy was invalid.

There are other objections to the validity of this levy, some of which would be worthy of serious consideration if the case was to turn upon them; but as it appears to us that the two which we have noticed must be fatal to the plaintiffs' claims in both of the cases, we have not thought it important to consider them, nor have we considered at all the validity of the deed from James D. Ford to Maria S. Ford.

We advise the superior court that the petitioners are not entitled to the relief asked for, and that the defendant is entitled to judgment in the action at law.

In this opinion the other judges concurred.